■ SHAHRAM FARZAN et al., Appellants, v OLEG CASSINI et al., Respondents, et al., Defendants. [750 NYS2d 50] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 11, 2001, which, insofar as appealed from as limited by the briefs, granted defendants-respondents' motion for summary judgment dismissing plaintiffs' causes of action for breach of a license agreement and unjust enrichment, unanimously affirmed, without costs.

The cause of action for breach of contract was properly dismissed upon a record establishing that defendants did not

intend to be bound by the proposed license agreement they had sent to plaintiffs for signature unless and until "countersigned" by them (*see Scheck v Francis*, 26 NY2d 466, 469-470; *Miller v Schloss*, 218 NY 400, 406-407). The cause of action for unjust enrichment was properly dismissed for lack of evidence as to the profits realized by defendants, or losses avoided, as an immediate and direct result of the samples, catalogues and designs that plaintiffs developed in the hope of procuring defendants' license (*see Miller*, 218 NY at 407; *3105 Grand Corp. v City of New York*, 288 NY 178, 181). As the motion court indicated, any failure by defendants to satisfy any obligation to pay for such samples, catalogues and designs can be pursued under a cause of action for goods sold and delivered. Plaintiffs, who represented that disclosure was complete in their note of issue and again in a motion to restore the action to the trial calendar, will not be heard to argue that they need disclosure on the benefits that defendants unjustly received (*cf. Cooper v 6 W. 20th St. Tenants Corp.*, 258 AD2d 362, 363). Concur—Tom, J.P., Andrias, Saxe, Rubin and Friedman, JJ.